**E-FILED on**   10/31/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES EVANS,<br><br>            Plaintiff,<br><br>      v.<br><br>COUNTY OF SANTA CLARA PROBATION DEPARTMENT,<br><br>            Defendant. | No. C-06-03299 RMW<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES<br><br>**[Re Docket Nos. 7, 9, 12, 19]** |

   Plaintiff Jamar Evans demurs and moves to strike the thirty-two affirmative defenses set forth in the answer of defendant County of Santa Clara Probation Department. The matter is deemed submitted on the papers; no hearing will be held.

   In its answer, defendant pleads thirty-two affirmative defenses: (1) failure to state a claim; (2) comparative fault; (3) comparative fault of third person; (4) lack of actual causation; (5) lack of proximate causation; (6) discretionary immunity; (7) statute of limitations; (8) consent; (9) failure to mitigate; (10) estoppel; (11) waiver; (12) frivolous vexation; (13) unclean hands; (14) governmental immunity to punitive damages; (15) collateral benefits; (16) res judicata and collateral estoppel; (17) acts in good faith; (18) lack of malice, willfulness or fraud; (19) immunity for acts within the scope of employment; (20) lack of jurisdiction; (21) no policy, custom or practice; (22) privileged or justified conduct; (23) failure to prosecute; (24) laches; (25) assumption of risk; (26) damages are

speculative; (27) forcefully resisting arrest; (28) defendant had probable cause to detain plaintiff; (29) common-law police immunity; (30) the force used was necessary to prevent injury or escape; (31) use of force was privileged; and (32) failure to exhaust administrative remedies.

Most of these purported affirmative defenses are not affirmative defenses. The ones that might be, (2), (3), (6), (7), (10), (11), (13), (14), (15), (19), (22), (24), (25), (28), (29), (30), (31) and (32), appear in most cases to have no application to this action. The ones that may apply are so devoid of any facts that they give no effective notice to plaintiff of the basis for the affirmative defenses. This type of shotgun pleading is unacceptable. All affirmative defenses are stricken. Defendant is given twenty days' leave to file an amended answer properly asserting any applicable affirmative defense.

DATED:   10/31/06

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**United States District Court**
For the Northern District of California

**A copy of this order was mailed on** _____ **to:**

**Plaintiff:**

Jamar Evans
P.O. Box 25
Atwater, CA 95301

**Counsel for Defendant:**

Neysa A. Fligor
Office of the County Counsel
70 West Hedding, East Wing, Ninth Floor
San Jose, California 95110–1770

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

**Dated:** _____

**Chambers of Judge Whyte**

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES—No. C-06-03299 RMW
CAR                                                                                                      3